United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Tammy Sims,　　　　　　　　　　　　　　　　　Case No. 11-40699-R
　　　　　　Debtor.　　　　　　　　　　　　　　Chapter 7
_____/

Jeffrey Bell,
　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Adv. No. 11-4802

Tammy Sims,
　　　　　　Defendant.
_____/

### Opinion Regarding Parties' Cross-Motions for Summary Judgment

### I. Introduction

In 2003, the debtor, Tammy Sims, leased a house from the plaintiff, Jeffrey Bell. The lease termination date was July 27, 2005. Prior to lease termination, Sims fell behind in her payments and in March 2005, Bell filed for eviction.

On March 29, 2005, Sims signed a consent judgment agreeing to an amount owed, but did not vacate the home. Instead, Bell agreed to allow Sims to remain in the house in return for Sims's promise to pay. In September 2005, Sims moved out without notice to Bell.

In September 2007, Bell filed an action against Sims in the 36th District Court alleging breach of contract, promissory estoppel, unjust enrichment and fraud in the inducement.

On December 8, 2009, after a two day bench trial, the court entered a judgment in Bell's favor. In December 2010, Bell began procedures for the garnishment of Sims's wages.

On January 7, 2011, Sims filed for bankruptcy protection under chapter 7. On February 18,

2011, Bell filed this adversary proceeding, seeking to have the state court judgment declared nondischargeable under 11 U.S.C. § 523(a)(2)(A).

The parties have filed cross-motions for summary judgment. The Court has determined that a hearing will not materially assist the Court in deciding these matters.

## II. Bell's Motion for Summary Judgment

Bell argues that the doctrine of collateral estoppel precludes the Court from hearing the issue of fraud and that, therefore, he is entitled to a judgment of nondischargeability.

> The doctrine of collateral estoppel can be applied by a bankruptcy court to avoid relitigating any grounds for nondischargeability which were previously litigated in a prior proceeding. *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir. 1981). The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires the bankruptcy court to apply the preclusion law of the state in which the judgment was rendered to determine its preclusive effect. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S. Ct. 1327, 84 L. Ed.2d 274 (1985). *See also Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315, 317 (6th Cir. 1997); *Cresap v. Waldorf (In re Waldorf),* 206 B.R. 858, 862 (Bankr. E.D. Mich. 1997). If the state court judgment would receive preclusive effect in the state where it was rendered, the bankruptcy court must give that judgment preclusive effect unless it determines that an exception to § 1738 should apply. *Marrese,* 470 U.S. at 386, 105 S. Ct. 1327.

*Computer Business World v. Jamil* (*In re Jamil*), 409 B.R. 866, 871-72 (Bankr. E.D. Mich. 2009).

Under Michigan law, "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990).

"In analyzing whether an issue was 'actually litigated' in the prior proceeding, the Court must look at more than what has been pled and argued. We must also consider whether the party

2

against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issue." *Id.* at 631 (citing *Blonder-Tongue Laboratories, Inc. v. Univ of Illinois Foundation,* 402 U.S. 313, 329 (1971)). "An issue is necessarily determined only if it is 'essential' to the judgment." *People v. Gates* at 631. "Collateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely, and unequivocally." *Id.*

Bell's argument ignores the fact that the particular issue - in this case, fraud - must have been decided. Instead, he relies merely on the fact that fraud in the inducement was pled and that the 36th District Court eventually entered a judgment in his favor after a two day bench trial. Although Bell's complaint in the 36th District Court proceeding pled fraud in the inducement, it also pled breach of contract, promissory estoppel, and unjust enrichment as well. The 36th District Court judgment order, however, does not state on which basis the judgment was rendered. For this reason, it would be inappropriate for the Court to apply issue preclusion, since the "basis of the prior judgment" can hardly be "ascertained clearly, definitely, and unequivocally."

Bell also argues that Sims admitted to fraud in her response to the complaint. He relies on paragraphs 32 and 33 in the complaint which allege:

> 32. At the time [of] renting the premise from Plaintiff, Defendant promised to pay Plaintiff all balances due.
>
> 33. Defendant's promise to remit the balances due was clear and unequivicol [sic] and were made with the intention of inducing Plaintiff to rent the house to Defendant.

(Pl.'s Br. at 17, Dkt. #14)

Sims's response stated:

> 32. Defendant admit the allegations contained in paragraph 32 of the complaint.

3

> 33. Defendant admit the allegations contained in paragraph 33 of the complaint.

(Pl.'s Br. at 20, Dkt. #14)

Black's law dictionary defines "inducement" as "1. The act or process of enticing or persuading another person to take a certain course of action." Because the definition of "induce" does not contain an element of dishonest intent, Bell's argument that Sims admitted to fraud is without merit. Rather, paragraph 35 of the complaint completely undermines his argument:

> 35. Notwithstanding, Defendant's promise was false and when Defendant made the promise Defendant knew that it was false.

(Pl.'s Br. at 17, Dkt. #14)

Sims's response denies this allegation:

> 35. Defendant denies the allegation contained in paragraph 34 [sic] of the complaint.

(Pl.'s Br. at 21, Dkt. #14)

For these reasons, Bell's motion for summary judgment is denied.

### III. Sims's Motion for Summary Judgment

Sims argues that because the 36th District Court judgment did not include a finding of fraud, issue preclusion is not appropriate. Sims further argues that "if said judgment is to be considered res judicata for any proposition, it would be for the proposition that there was no fraud, because the judgment is silent relative to fraud, while there are numerous theories of liability in plaintiff's Complaint."

This argument is without merit. Because the judgment is silent relative to fraud, the Court cannot conclude that this issue was "actually litigated" and "necessarily determined." Therefore, issue preclusion is not appropriate.

4

Sims further argues that Bell has alleged no facts which could result in a finding of fraud. Thus, Sims is essentially arguing that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In response, Bell argues that it is improper procedurally to make this argument in a motion for summary judgment.

A motion to dismiss under Rule 12(b)(6) must be filed prior to a responsive pleading. Sims cannot circumvent the rules of civil procedure by presenting a motion to dismiss for failure to state a claim as a motion for summary judgment. Accordingly, Sims's motion for summary judgment is denied.

Not for Publication

**Signed on August 11, 2011**

                                                    /s/ Steven Rhodes
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**